**Dwight HENDRICKSON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 92A03–9506–PC–191.**

Court of Appeals of Indiana.

Jan. 30, 1996.

Transfer Denied March 27, 1996.

Dennis D. Graft, Kendallville, for appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Dwight Hendrickson ("Hendrickson") appeals the denial of his petition for post-conviction relief. Hendrickson presents three issues for our review which we restate as follows:

 I. Whether there was a sufficient factual basis for the offense of operating while habitual violator when Hendrickson was driving a moped.

 II. Whether Hendrickson's guilty plea was entered knowingly, intelligently and voluntarily.

 III. Whether Hendrickson received ineffective assistance of counsel at his guilty plea hearing.

We affirm.

The facts most favorable to the State reveal that on May 30, 1994, a Whitley County sheriff's deputy observed Hendrickson riding his moped, weaving back and forth, and crossing the center line of the road. Instead of stopping when the deputy activated his red lights, Hendrickson passed the deputy and made a sharp right turn into a driveway. In his report, the deputy noted that Hendrickson nearly ran into the garage door of the house. He also noted that Hendrickson smelled of alcohol, his eyes were bloodshot, his speech was poor, his manual dexterity was poor, and his balance was very poor. Hendrickson also failed several field sobriety tests. He was subsequently charged with operating while an habitual violator, a class C

felony,[1] and operating a vehicle while intoxicated, a class D felony.[2] On August 15, 1994, Hendrickson entered a plea of guilty to operating while an habitual violator. The second count of operating a vehicle while intoxicated was dismissed. Pursuant to the terms of the plea agreement, he received a six-year sentence. On October 19, 1994, Hendrickson filed a petition for post-conviction relief in which he alleged the three issues stated above. Following a hearing, the post-conviction court denied relief. This appeal ensued.

 Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 917, *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

### I.

#### *Sufficient Factual Basis*

 Hendrickson contends that there was an insufficient factual basis for his guilty plea because there is no requirement that a person have a valid Indiana driver's license to legally drive a moped. A trial court may not accept a guilty plea unless a sufficient factual basis has been established for the plea. IND.CODE § 35-35-1-3(b) (1993). An adequate factual basis for the acceptance of a guilty plea may be established in several ways: 1) by the State's presentation of evidence on the elements of the charged offenses; 2) the defendant's sworn testimony regarding the events underlying the charges; 3) the defendant's admission of the truth of the allegations in the information read in court; or 4) the defendant's acknowledgment that he understands the nature of the crimes charged and that his plea is an admission of the charges. *Minor v. State* (1994), Ind. App., 641 N.E.2d 85, 89, *trans. denied.*

---

**1.** IND.CODE § 9–30–10–17 (1993).

**2.** IND.CODE § 9–30–5–3 (1993).

The three elements of the offense of operating a motor vehicle while suspended as an habitual traffic law violator[3] are: 1) operating a motor vehicle; 2) while driving privileges are suspended; and 3) a showing that the defendant knew his driving privileges had been suspended as a result of having been determined to be an habitual traffic offender. *Bishop v. State* (1994), Ind.App., 638 N.E.2d 1278, 1279, *reh. denied.*

First, Hendrickson admitted that he was operating a motor vehicle to the trial court and the post-conviction court. Record, pp. 72–73; 94–95. In addition, "motor vehicle" is defined as a vehicle that is self-propelled. IND.CODE § 9–13–2–105(a). The term does not include a "farm tractor" or "implement of husbandry."[4] *Id.* During the post-conviction hearing, Hendrickson also admitted that his moped was self-propelled. Record, p. 94. This court recently determined that because a moped is motorized and self-propelled, it can be construed as a motor vehicle under IC 9–13–2–105(a). *Chapman v. State* (1995), Ind.App., 650 N.E.2d 764, 766. Therefore, the post-conviction court properly concluded there was an adequate factual basis that Hendrickson was operating a motor vehicle.

As for the second and third elements of the habitual traffic violator offense, Hendrickson admitted that on November 13, 1989, he was convicted of operating as an habitual traffic offender and on May 30, 1994, his driving privileges were suspended for life. Not only did Hendrickson admit the events underlying the charge, he also acknowledged the truth of the allegations contained in the information, which was read in court. Because all three elements of the offense were established, the post-conviction court did not err in concluding that the trial court established a sufficient factual basis for accepting Hendrickson's guilty plea.

Hendrickson argues that because no driving privileges are required to operate a moped, there was no factual basis for Hendrickson's guilty plea. We disagree. For support of his argument he relies on the requirements for who may operate a motorized bicycle.[5] A motorized bicycle may be operated by a person who has obtained an identification card, a permit, an operator's license, a chauffeur's license or a public passenger chauffeur's license. IND.CODE § 9–21–11–12(2) (1993). In order to obtain an identification card, one must be a resident of Indiana and be at least fourteen years of age. IND.CODE § 9–24–16–1 (1993). Hendrickson argues that because he obtained an identification card, he could drive a moped even though his driving privileges were suspended for life.

When interpreting statutes, we reconcile them with each other whenever possible. *Helton v. State* (1993), Ind.App., 624 N.E.2d 499, 506. We cannot agree with Hendrickson's contention that the legislature intended to allow someone with an identification card to drive a moped even when a person has been convicted of being an habitual traffic offender and his driving privileges have been suspended for life. Although an intoxicated moped driver may not have the same offensive striking power as does an intoxicated driver of a standard motor vehicle, the intoxicated moped driver is still a serious danger to the public. *See, e.g., People v. Jordan* (1977), 75 Cal.App.3d Supp. 1, 142 Cal.Rptr. 401. An intoxicated moped driver can collide with a curb, a pedestrian, a cyclist, or a passing motorist, and cause serious injury to persons or property. We must construe statutes to prevent absurdity and to give effect to the legislature's probable intent. *Anderson v. State* (1995), Ind.App., 649 N.E.2d 1060, 1063. In so doing, we cannot conclude that the legislature intended to allow people who are convicted habitual traffic

3. IC 9–30–10–17 specifically states "[a] person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter … commits a Class C felony."

4. IC 9–13–2–105(b) specifically excludes motorized bicycles only for the purposes of IC 9–21,

the motor vehicles chapter which deals with traffic regulations.

5. Under the Indiana Code, a moped may also be a "motorized bicycle." *See* IND.CODE § 9–13–2–109 (1993).

offenders to drive a moped while intoxicated, thereby endangering the lives and property of others. To do so, would be an absurd construction of legislative intent.[6]

We determine that an adequate factual basis was established for Hendrickson's guilty plea to operating a motor vehicle while suspended as an habitual traffic law violator. Hendrickson has not met his burden of showing that the evidence leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Weatherford, supra.* Therefore, we will not disturb the judgment of the post-conviction court.

## II.

### *Guilty Plea*

Hendrickson next contends that his guilty plea was not made knowingly, intelligently and voluntarily because he was unaware that he did not need a driver's license to operate a moped. He argues that if he had known that a motorized bicycle could be driven by a person with a valid identification card, he would not have pled guilty.

 On review of a guilty plea, we look at all the evidence before the post-conviction court. If the evidence exists to support the court's determination that the guilty plea was voluntary, intelligent and knowing, we will not reverse. *White v. State* (1986), Ind., 497 N.E.2d 893, 905. A petitioner's conviction will be vacated if the record fails to disclose that the defendant was advised of the right to a jury trial, right of confrontation and right to avoid self-incrimination. *Hinkle v. State* (1992), Ind.App., 605 N.E.2d 200, 202, *trans. denied.* An omission of other advice contemplated by IC 35-35-1-2 supports reversal only if a petitioner demonstrates that he was prejudiced thereby. *Id.*

 In the case at bar, Hendrickson was properly advised of his right to a jury trial, right of confrontation and right to avoid self-incrimination. There is no requirement that the court advise Hendrickson of a motorized bicycle statute. Moreover, because we reject the notion that lack of a licensing requirement would preclude his conviction, Hendrickson was not prejudiced by the failure to so advise him. Therefore, we find no error here.

## III.

### *Ineffective Assistance of Counsel*

 Finally, Hendrickson contends that he was denied effective assistance of counsel at his guilty plea hearing. For Hendrickson to prevail on a claim of ineffective assistance of counsel, he must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance the result of the proceedings would have been different. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1372. Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Id.* Where a defendant challenges counsel's performance after pleading guilty, the second prong can only be met by the defendant showing that there is a reasonable probability that, but for counsel's errors, he would have refused to plead guilty and would have insisted on going to trial. *Hinkle, supra,* at 204.

 Hendrickson argues that if counsel had advised him that he only needed a valid identification card to drive a moped, he would not have pled guilty. As noted above, a moped can be construed as a motor vehicle under IC 9-13-2-105(a). Hendrickson's act of driving a moped was actionable under IC 9-30-10-17, the habitual offender statute. Accordingly, Hendrickson has failed to present strong and convincing evidence to rebut

**6.** *See, e.g., Rose v. State* (1976), 168 Ind.App. 674, 678–79, 345 N.E.2d 257, 260 (statute proscribing operation of motor vehicle while intoxicated and implied consent statute have common purpose of eliminating from public highways danger posed by intoxicated drivers, and thus should be construed with reference to each other and harmonized, if possible, as they are in *pari materia* ). *See also, State v. Singleton* (1995), S.C., 460 S.E.2d 573, 575 (even though moped is exempted from registration, licensing, and insurance requirements, mopeds are within the purview of the South Carolina DUI statute).

counsel's competence. The post-conviction court properly denied Hendrickson's petition.

Affirmed.

GARRARD and NAJAM, JJ., concur.