**Michael L. HARRIS, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 43A04–0106–PC–261.**

Court of Appeals of Indiana.

Jan. 31, 2002.

---

Michael L. Harris, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Michael L. Harris pleaded guilty to Child Molesting, as a Class B felony. He subsequently petitioned for post-conviction relief to set aside his guilty plea. Following a hearing, the post-conviction court denied Harris' petition. He now appeals, presenting the following consolidated and restated issues for our review:

1.  Whether his guilty plea was knowing and voluntary.

2.  Whether he was denied the effective assistance of trial counsel.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On May 18, 1998, the State charged Harris with Attempted Child Molesting, as a Class A felony, and Child Molesting, as a Class C felony. The State subsequently amended the information to also charge Harris with Child Molesting, as a Class B felony. Each of the charged offenses stemmed from Harris' alleged molestation of M.S., a child under the age of fourteen, from February 1997 through March 1998.

Harris and the State entered into a plea agreement, in which Harris agreed to plead guilty to the B felony charge. In addition, the agreement provided in relevant part that any executed prison sentence imposed "shall not exceed ten (10) years with the condition that if ten (10) years are executed there will be no probation period." The agreement also provided that the State "will take no position on the defendant's request for work release" and that Harris "has not been promised anything other than as stated in this agreement." Following a hearing, the trial court accepted Harris' guilty plea and imposed an executed sentence of ten years' incarceration. Harris subsequently petitioned for post-conviction relief, which the court denied.

## DISCUSSION AND DECISION

### Standard of Review

The petitioner bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post Conviction Rule 1(5); *Harrison v. State*, 707 N.E.2d 767, 773 (Ind.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000). To the extent the post-conviction court denied relief in the instant case, Harris appeals from a negative judgment and faces the rigorous burden of showing that the evidence as a whole " 'leads unerringly and unmistakably to a conclusion opposite to that reached by the [ ] court.' " *See Williams v. State*, 706 N.E.2d 149, 153 (Ind.1999) (quoting *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993)), *cert. denied*, 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as con-

trary to law. *Bivins v. State*, 735 N.E.2d 1116, 1121 (Ind.2000).

A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. *Allen v. State*, 749 N.E.2d 1158, 1164 (Ind.2001). The findings must be supported by facts and the conclusions must be supported by the law. *Id.* Our review on appeal is limited to these findings and conclusions. *Id.*

### Issue One: Knowing and Voluntary Plea

Harris contends that his guilty plea was not knowing and voluntary because he was misled and misinformed regarding his sentencing possibilities, and because the State breached the plea agreement. Specifically, Harris alleges that his attorney misrepresented to him that there would be "no probation period" and that work release and home detention were "possibilities." In addition, Harris maintains that the State breached the plea agreement when, in response to Harris' subsequent petition to modify his sentence, the State opposed his request for work release. On appeal, Harris points out that pursuant to Indiana Code Section 35–50–6–1, he will be on *parole* upon his release from prison, and pursuant to Indiana Code Sections 35–38–2.5–7 and 35–38–2.6–1, he is not eligible for either home detention or work release. We address each of Harris' contentions in turn.

On review of a guilty plea, we look at all the evidence before the post-conviction court. *Hendrickson v. State*, 660 N.E.2d 1068, 1072 (Ind.Ct.App.1996). If the evidence exists to support the court's determination that the guilty plea was voluntary, intelligent and knowing, we will not reverse. *Id.* When a guilty plea is attacked because of alleged misinformation concerning sentencing, the issue of the

validity of such plea is determined by a two-part test: 1) whether the defendant was aware of actual sentencing possibilities and 2) whether the accurate information would have made any difference in his decision to enter the plea. *Jackson v. State*, 676 N.E.2d 745, 752 (Ind.Ct.App.1997), *trans. denied.*

■ Harris first contends that he would not have entered his guilty plea had he known that he will be placed on parole upon release from prison. *See* I.C. § 35-50-6-1. He asserts that his plea agreement, which states that "if ten (10) years are executed there will be no probation period[,]" contravenes the statutory requirement that "when a person imprisoned for a felony completes his fixed term of imprisonment, ... he shall be released: (1) on parole ...; or (2) to the committing court if his sentence included a period of probation." *See id.* However, Harris mistakenly uses the terms "parole" and "probation" interchangeably. In fact, parole is defined in relevant part as "[t]he release of a prisoner from imprisonment before the full sentence has been served." BLACK'S LAW DICTIONARY 1139 (7th ed.1999). In contrast, probation is defined as "[a] court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." *Id.* at 1220. While the two terms have similar meanings, an important and relevant distinction is made in that " '[p]robation' relates to judicial action taken before the prison door is closed, whereas 'parole' relates to executive action taken after the door has closed on a convict." *Carswell v. State*, 721 N.E.2d 1255, 1262 (Ind.Ct.App.1999).

■ Here, while Harris' plea agreement states that no probation will be imposed if he is sentenced to ten years executed, and the trial court honored that provision, the agreement does not mention parole. As such, contrary to Harris' assertion, the plea agreement does not violate the statutory parole requirement. In addition, our supreme court has noted that the parole impact of a plea is neither a constitutional right nor an advisement required by statute. *Fulmer v. State*, 519 N.E.2d 1236, 1238 (Ind.1988). Thus, Harris' plea is not rendered involuntary or unknowing because he was unaware that parole would be statutorily imposed. *See id.* Moreover, when the trial court asked Harris whether "anybody [had] promised [him] anything in addition to that contained within the plea agreement[,]" Harris responded "No." Harris merely asks us to reweigh the evidence and redetermine witness credibility, an invitation we decline on appeal. *See Marshall v. State*, 590 N.E.2d 627, 632 (Ind.Ct.App.1992) (declining to reweigh evidence and affirming post-conviction court's denial of petition where defendant claimed he was misadvised regarding length of sentence), *trans. denied.*

Regarding work release, the plea agreement states only that "the State will take no position on the defendant's request for work release." And Harris' plea agreement is silent regarding the possibility of home detention. As Harris stated in his petition for post-conviction relief, he merely claims he was promised that the *possibility* of work release and home detention would be "uncontested by the Prosecutor." In other words, he entered the plea agreement knowing that he was not guaranteed either work release or home detention. Our supreme court has held that "[a] mere hope for a certain outcome at sentencing, without more, does not suffice to set aside a guilty plea for lack of voluntariness." *State v. Moore*, 678 N.E.2d 1258, 1267 (Ind.1997), *cert. denied*, 523 U.S. 1079, 118 S.Ct. 1528, 140 L.Ed.2d 678 (1998). Thus, Harris cannot show that his plea was made involuntarily in light of the alleged misin-

formation regarding these sentencing options.

Finally, Harris contends that the State breached its promise to take no position regarding his request for work release when it opposed Harris' subsequent petition to modify his sentence requesting work release. He maintains that as a result of this breach, his guilty plea should be set aside. We cannot agree.

It is clear that prosecutors must honor their promises given in exchange for guilty pleas. *Harris v. State,* 671 N.E.2d 864, 870 (Ind.Ct.App.1996) (citing *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). As the United States Supreme Court has held, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello,* 404 U.S. at 262, 92 S.Ct. 495. Accordingly, "only breaches of material promises will allow a court to conclude that a plea was involuntarily induced and thus constitutionally infirm." *Rodriguez v. New Mexico,* 12 F.3d 175, 175 (10th Cir.1993).

Here, we need not decide whether the State's opposition to Harris' subsequent request for work release constituted a breach of the plea agreement, because such a breach could not be considered material to Harris' decision to plead guilty.

As we have already noted, Harris avers that he was promised only the possibility of work release at the time he entered his plea. Thus, the State's promise to take no position on his request for work release cannot be considered a significant part of the inducement to enter the plea agreement. *See Santobello,* 404 U.S. at 262, 92 S.Ct. 495. Harris cannot show that the State's alleged breach renders his plea unknowing or involuntary. In any event, and regardless of the State's position, Harris was not eligible for work release as a matter of law.

In sum, we conclude that the evidence does not lead unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. The court did not err when it found that Harris' plea was knowing and voluntary.

### Issue Two: Ineffective Assistance of Trial Counsel

Harris next contends that he was denied the effective assistance of trial counsel and that but for counsel's deficient performance, he would not have entered a guilty plea. Specifically, he maintains that his counsel was ineffective for the following reasons: 1) he "failed to investigate the facts of the case, depose witnesses and depose the alleged victim[;]" and 2) he "erroneously informed Harris that he was eligible for work release or home detention and that parole was not mandatory." [1] There is a strong presumption that counsel

1. Harris also contends that trial counsel "allowed [him] to plead guilty to a felony charge that does not exist." However, he did not argue this issue to the post-conviction court. As such, the issue is waived. Waiver notwithstanding, Indiana Code Section 35-42-4-3 provides in relevant part that a person who, with a child under fourteen years of age, performs or submits to deviate sexual conduct commits Class B felony child molesting, and Harris was specifically charged with that crime by amended information. It is well settled that absolute discretion rests in the State to determine the crime with which a defendant will be charged. *Meriweather v. State,* 659 N.E.2d 133, 137 (Ind.Ct.App.1995). Thus, Harris' argument on this point is entirely without merit. Regardless, Harris has not demonstrated how he was prejudiced by his counsel's advice to plead to the Class B felony charge. If it were not for his plea, Harris could have been convicted of Class A felony child molesting, for which he would have faced a possible sentence of thirty years plus twenty years added for aggravating circumstances. *See* Ind.Code § 35-50-2-4.

rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment, and the burden falls on the defendant to overcome that presumption. *Gibson v. State*, 709 N.E.2d 11, 13 (Ind.Ct.App.1999), *trans. denied.* To make a successful ineffective assistance claim, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness as determined by prevailing professional norms; and (2) the lack of reasonable representation prejudiced him. *Mays v. State*, 719 N.E.2d 1263, 1265 (Ind.Ct. App.1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), *trans. denied.* Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that but for counsel's errors, the result of the proceeding would have been different. *Andrews v. State*, 588 N.E.2d 1298, 1302 (Ind. Ct.App.1992).[2]

█ We need not determine whether counsel's performance was deficient in failing to conduct discovery consistent with Harris' expectations and in misrepresenting sentencing possibilities, because Harris has not demonstrated how he was prejudiced thereby.[3] *See Strickland*, 466 U.S.

at 697, 104 S.Ct. 2052. First, Harris has not presented any evidence that at the time he entered the plea agreement he was unaware of his counsel's alleged deficiencies in investigating his case. As such, he cannot now complain. Second, as we have already noted, Harris told the trial court that no one had promised him anything that was not contained in the plea agreement. Thus, there is conflicting evidence regarding whether counsel misrepresented sentencing possibilities. Harris has not shown that there is a reasonable probability that, had his trial counsel told him that he was ineligible for work release and home detention and that he would be paroled upon completion of his sentence, he would not have entered the plea agreement. Accordingly, the post-conviction court did not err when it found that Harris was not denied the effective assistance of trial counsel.[4]

Affirmed.

BAKER, J., and MATTINGLY–MAY, J., concur.

**2.** In the context of an ineffective assistance claim following a guilty plea, the *Strickland* two-part test still applies. *Danks v. State*, 733 N.E.2d 474, 486 (Ind.Ct.App.2000), *trans. denied.* But we have noted some uncertainty regarding whether, to satisfy the prejudice prong of the test, a defendant must show a reasonable probability of acquittal to prove ineffective assistance prejudice following a guilty plea. *See id.* (citing *State v. Van Cleave*, 674 N.E.2d 1293, 1299 (Ind.1996), *cert. denied*, 522 U.S. 1119, 118 S.Ct. 1060, 140 L.Ed.2d 121 (1998)). Because the resolution of this uncertainty has no effect on Harris' appeal, we do not decide the issue here.

**3.** We note that Harris failed to subpoena his trial counsel to testify at the hearing on his petition for post-conviction relief.

**4.** Harris also maintains that the post-conviction court abused its discretion when it denied his motion to compel the State to produce a copy of M.S.'s taped statement. We will not reverse a post-conviction court's decision on discovery absent an abuse of discretion. *Roche v. State*, 690 N.E.2d 1115, 1133 (Ind.1997). Harris' sole contention on this issue is that the trial court's ruling deprived him of the ability to adequately investigate his ineffective assistance of trial counsel claim. Because Harris has not shown that he entered into the plea agreement without knowledge

that his trial counsel had not reviewed M.S.'s statement, we conclude that the post-conviction court did not abuse its discretion when it denied Harris' motion to compel discovery.