**Samuel REED, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 03A04–0510–PC–592.

Court of Appeals of Indiana.

March 24, 2006.

Samuel Reed, Bunker Hill, Appellant Pro–Se.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Samuel Reed appeals the trial court's decision denying his request for credit time. In essence, Reed contends that he should have been awarded credit for the days that he spent on daily reporting probation. Concluding that the denial of Reed's request was proper, we affirm the judgment of the trial court.

### FACTS

On December 9, 1998, Reed was charged with Rape,[1] a class B felony, and Criminal Confinement,[2] a class D felony. On July 12, 1999, Reed entered into an agreement with the State and pleaded guilty to rape in exchange for dismissal of the theft count. Reed was subsequently sentenced on August 23, 1999, to twenty years with ten years suspended to probation.

The sentencing order provided that Reed was to serve one year of his probationary period on home detention. However, on February 19, 2003, the trial court issued an order stating that Reed was not eligible to be placed on home detention and, instead, ordered Reed to be on daily reporting probation for one year instead of home detention. On November 25, 2003, the State filed a notice of probation revocation. Following a hearing on May 9, 2005, the trial court revoked Reed's probation, finding that Reed had committed an additional crime. Hence, on June 20, 2005, the trial court ordered Reed to serve the balance of his sentence—ten years—in the Department of Correction. Reed was also given credit for 152 days.[3]

On August 11, 2005, Reed filed a motion for credit time for the period that he spent on daily reporting probation, claiming that he was entitled to a total of 177 days. The trial court denied that motion on August 31, 2005, and Reed now appeals.

### DISCUSSION AND DECISION

In addressing Reed's contention that the trial court erred in denying his request for credit time for the days that he spent on daily reporting probation, we first note that "A person imprisoned ... awaiting trial or sentencing is initially assigned to Class I" and based upon that classification, he earns "one (1) day of credit time for each day he is ... confined awaiting trial or sentencing." Ind.Code §§ 35–50–

---

1. Ind.Code § 35–42–4–1(a)(1).

2. I.C. § 35–42–3–3(b)(1).

3. This period of time ran from January 19, 2005, through June 20, 2005. Appellant's App. p. 12.

6–4(a), –3(a); *see also Diedrich v. State,* 744 N.E.2d 1004, 1005 (Ind.Ct.App.2001). Inasmuch as Indiana Code section 35–50–6–3(a) clearly provides that a person confined awaiting trial or sentencing is statutorily entitled to one day of credit for each day that he is confined, pre-sentence jail time credit is a matter of statutory right and not a matter of judicial discretion. *Weaver v. State,* 725 N.E.2d 945, 947–48 (Ind.Ct.App.2000).

On the other hand, Indiana Code section 35–50–6–6 states that "a person does not earn credit time while on parole or probation." *Senn v. State,* 766 N.E.2d 1190, 1202 (Ind.Ct.App.2002). However, some exceptions to this rule exist including defendants who are in a work release program and those confined to home detention as a condition of probation. For instance, this court has observed that work release participants "are actually jail inmates who must return to the jail when not working or participating in other sanctioned activities." *Crump v. State,* 740 N.E.2d 564, 572 (Ind.Ct.App.2000), *trans. denied.* And individuals on home detention must remain at their residences except for work, to obtain medical, psychiatric and counseling services, or to attend an educational institution or educational program, or a place of worship. *See Senn,* 766 N.E.2d at 1198; I.C. § 35–38–2.5–6(1)(A–F).

Notwithstanding these exceptions, we find no authority supporting the proposition that a probationer is entitled to credit for time served when he is placed on daily reporting probation. Simply put, we see no reason for a trial court to award credit for time served with regard to this type of probation. In essence, a defendant who is required to report to his probation officer on a daily basis enjoys the typical benefits and comforts of home living, including the freedom to set his own schedule for eating, sleeping, and recreation, to determine what and when to eat, and to decide the various leisure activities in which he might want to engage. Moreover, a defendant in Reed's position does not suffer the same surveillance and lack of privacy associated with becoming a member of an incarcerated population. Generally, he may come and go as he pleases, he may work, and he can attend various events outside his home so long as he complies with the conditions of his probation. That said, we conclude that daily reporting to a probation officer does not amount to the type of freedom restrictions that deserve credit time. Thus, we find that the trial court properly denied Reed's motion for credit time.

The judgment of the trial court is affirmed.

NAJAM, J., and BAILEY, J., concur.