**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 08 2012, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JUSTIN C. WOODHOUSE**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN C. WOODHOUSE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 08A05-1111-PC-614 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Kurtis G. Fouts, Special Judge
Cause No. 08C01-1103-PC-2

**August 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Justin Woodhouse appeals the post-conviction court's denial of his petition for post-conviction relief.

We affirm.

## ISSUE

Woodhouse presents two issues for our review, which we restate as one: whether the post-conviction court erred by denying Woodhouse's petition.

## FACTS AND PROCEDURAL HISTORY

In May 2000, Woodhouse pleaded guilty to one count of theft as a Class D felony pursuant to a plea agreement in the Carroll County Circuit Court. *See* Ind. Code § 35-43-4-2 (1985). Woodhouse was sentenced to three years with all but six months suspended and was placed on probation for the remainder of the three-year sentence.

On July 19, 2002, a petition to revoke Woodhouse's probation was filed. The petition was served on Woodhouse on July 29, 2002 while he was in the Newton County jail on unrelated charges. Woodhouse first appeared in court on the pending petition to revoke probation over seven years later on November 20, 2009. A second petition to revoke probation was filed on December 2, 2009. On June 11, 2010, a third petition to revoke Woodhouse's probation was filed.

On August 13, 2010, Woodhouse admitted to violating the conditions of his probation as charged in the first and second petitions to revoke; no admission was made on the third petition to revoke. The trial court revoked two years of Woodhouse's previously-suspended sentence, terminated his probation as unsuccessful, and gave him

2

thirteen days of jail time credit. Woodhouse later sent a letter to the court requesting that the court grant him additional credit for the time he served prior to the disposition of his petitions to revoke. The court treated Woodhouse's correspondence as a motion to modify/reconsider the court's disposition, which it denied.

On March 21, 2011, Woodhouse filed a petition for post-conviction relief. Following a hearing, the court denied his petition. It is from this denial that Woodhouse now appeals.

## DISCUSSION AND DECISION

Woodhouse contends that the post-conviction court erred by denying his claims that he was entitled to additional jail time credit for the time he was incarcerated while his probation violation was pending and that his right to a timely revocation hearing was violated.

A post-conviction petitioner has the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *West v. State*, 938 N.E.2d 305, 309 (Ind. Ct. App. 2010), *trans. denied*. To the extent the post-conviction court has denied relief, the petitioner appeals from a negative judgment and faces the rigorous burden of showing that the evidence, as a whole, leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Harris v. State*, 762 N.E.2d 163, 166 (Ind. Ct. App. 2002), *trans. denied*. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Kistler v. State*, 936 N.E.2d 1258, 1261 (Ind. Ct. App. 2010), *trans. denied*.

3

Post-conviction proceedings provide defendants with the opportunity to raise issues that either were not available on direct appeal or were not known at the time of the original proceeding. *State v. Hernandez*, 910 N.E.2d 213, 216 (Ind. 2009). Thus, not all issues are available in a post-conviction proceeding, and post-conviction proceedings must be based on grounds enumerated in the post-conviction rules. *Id.*; *See* Ind. Post-Conviction Rule 1(1). Post-conviction proceedings neither provide a substitute for an appeal nor afford petitioner a "super-appeal." *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006).

Woodhouse's claims are not properly raised in a petition for post-conviction relief. His claim that he should have received additional jail time credit toward his sentence for violating his probation is a claim that was known at the time of sentencing for his probation violation and was available for direct appeal. Further, his claim that his right to a timely revocation hearing was violated is not a proper claim for post-conviction proceedings because it was known and available from the time of his first hearing in November 2009 and certainly at the time he was sentenced on his probation violations in August 2010. Therefore, these claims are not appropriate claims for post-conviction proceedings.

## CONCLUSION

The court properly denied Woodhouse's request for post-conviction relief.

Affirmed.

BAKER, J., and RILEY, J., concur.