**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**DAVID FROHWERK**
Westville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID FROHWERK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 46A04-1204-MI-211 |
| | ) | |
| MARK LEVENHAGEN, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE LAPORTE CIRCUIT COURT
The Honorable Thomas Alevizos, Judge
Cause No. 46C01-1203-MI-102

**January 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

David Frohwerk, *pro se*, appeals from the denial of his Verified Petition for Writ of Habeas Corpus asserting that he was denied credit time. Frohwerk raises one issue which we revise and restate as whether the court abused its discretion in denying his petition. We affirm.

The relevant facts follow. On March 16, 2012, Frohwerk, an inmate at the Westville Correctional Facility in LaPorte County, filed his Verified Petition for Writ of Habeas Corpus pursuant to Ind. Code § 34-25.5-1-1 in which he stated:

> b)      executive directive #11-41 (July 27, 2011) – entitles David Frohwerk #985446 ("Frohwerk") – to approximately 1,095 days (Credit Class III, Time Served Credits) – for the time Frohwerk served on probation under St. Joseph County Superior Court Cause No. 71D04-9512-CF-576 ("CF 576");[1] and
>
> c)      executive directive #11-41 (July 27, 2011) – entitles Frohwerk to approximately 1,825 days (Credit Class III, Time Served Credits) – for the time Frohwerk served on probation under St. Joseph County Superior Court Cause No. 71D03-9710-CF-466 ("CF 466");[2] and
>
> d)      Neither the I.D.O.C[.] or the respondent – will apply these time served credits pursuant to executive directive # 11-41 (July 27, 2011) – despite grievances and appeals taken from the forementioned [sic] denials.
>
> Frohwerk has exhausted all available administrative remedies.

Appellant's Appendix at 7-8. Frohwerk's petition also stated that his rights under the Eighth Amendment to the U.S. Constitution and Sections 16, 18, and 37 of Article 1 of the Indiana Constitution were violated due to his continued incarceration and that he "is

---

[1] The record does not contain information pertaining to the conviction, sentence, or time served under CF 576.

[2] The record does not contain information pertaining to the conviction, sentence, or time served under CF 466.

entitled to the time served credits" stemming from a "legitimate liberty interest [which] was created by executive directive #11-41 . . . ." Id. at 8. On March 27, 2012, the court denied Frohwerk's petition.

Before addressing Frohwerk's arguments, we observe that although he is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." Ankeny v. Governor of State of Ind., 916 N.E.2d 678, 689 (Ind. Ct. App. 2009), reh'g denied, trans. denied (citation omitted).

We also observe that the State elected not to file a brief in this matter. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes *prima facie* error. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. Wright v. Wright, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). Questions of law are still reviewed *de novo*, however. McClure v. Cooper, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

The issue is whether the court abused its discretion in denying Frohwerk's petition for writ of habeas corpus. Ind. Code § 34-25.5-1-1 states: "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire

3

into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of *habeas corpus* is to bring the person in custody before the court for inquiry into the cause of restraint." Partlow v. Superintendent, Miami Correctional Facility, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001) (quoting O'Leary v. Smith, 219 Ind. 111, 113, 37 N.E.2d 60, 60 (1941)); see also Hardley v. State, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008) ("The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process."). "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." Partlow, 756 N.E.2d at 980 (quoting Hawkins v. Jenkins, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978)); see also Dunn v. Jenkins, 268 Ind. 478, 479-480, 377 N.E.2d 868, 870-871 (1978) ("[A] prisoner can only obtain a discharge through habeas corpus relief, not a modification of his commitment."); Hardley, 893 N.E.2d at 742 ("A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release."). "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." Partlow, 756 N.E.2d at 980 (citing Hawkins, 268 Ind. at 140, 374 N.E.2d at 498 (citing Ind. Post-Conviction Rule 1(1)(c)) (stating that a writ of habeas corpus that attacks a conviction or sentence must be transferred to the court of conviction and treated as though filed as a post-conviction relief petition))). We review the trial court's habeas decision for an abuse of discretion. Hardley, 893 N.E.2d at 742. Without reweighing the evidence, this court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom. Id.

4

Frohwerk argues "that he is entitled to credit for days served on probation, as it is Community Corrections/Court supervision or put another way – RESTRAINT upon his liberty by the judicial branch of the State government." Appellant's Brief at 3-4. Specifically, Frohwerk claims that under Executive Directive #11-41 ("ED 11-41"), he is entitled to approximately 600 days of credit for time served. Frohwerk requests his "immediate release from approx. six hundred (600) days of illegal restraint put upon him by the respondent and the Indiana Department of Corrections' [sic] refusal to apply 'TIME SERVED CREDIT' for the days that [he] served on probation." Id. at 5.

Frohwerk attached in his appellant's appendix a copy of ED 11-41 which is a directive issued on June 27, 2011, by the Department of Correction presenting "several revisions to the administrative procedures for Policy 01-04-101, 'Adult Offender Classification,' and its appendices." Appellant's Appendix at 60. The first page of ED 11-41 states that "[t]hese changes are applicable to all facilities housing adult offenders . . . ." Id. Frohwerk specifically directs our attention to Section L, paragraph 3 of the revised Policy 01-04-101 which states:

L.    Credit Time Calculation

   1.    An offender receives incarceration credit, and credit time on the sentence for the day of release from a Department facility to parole or court jurisdiction.

   2.    When an offender's parole is revoked, and the offender is returned to Department incarceration, the remaining time to be served is calculated by determining a revised fixed term of incarceration. The following formula is applied:

   FTI    =    FTI    -    Time    +    Time on
   revised      prior        served        parole

5

3. An offender does not receive time served credit, or credit time on his/her sentence for the day the offender:

    a.    Escapes.

    b.    Absconds from parole or probation.

Id. at 92-93.

ED 11-41 and Policy 01-04-101 govern the treatment of prisoners of the Department of Correction. This court has previously noted that defendants often "blur [] the distinction between parole and probation." Harris v. State, 762 N.E.2d 163, 167 (Ind. Ct. App. 2002), reh'g denied, trans. denied. Probation is "[a] *court-imposed* criminal sanction that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." Id. (emphasis added). A probationer "specifically agrees to accept conditions upon his behavior in lieu of imprisonment." Id. (quoting Abernathy v. State, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006)). On the other hand, parole is "[t]he release of a prisoner from imprisonment before the full sentence has been served." Id. Thus, there is an important distinction between the two in that "'[p]robation' relates to *judicial action* taken before the prison door is closed, whereas 'parole' relates to *executive action* taken after the door has closed on a convict." Id. (emphases added).

Frohwerk does not cite to authority for the proposition that ED 11-41 should be applied to time served while on probation. Nor do we believe that such a result is warranted. Indeed, Ind. Code § 35-38-2-3(g), which governs a court's power to revoke probation following a finding of a probation violation, specifically provides that the court may impose sanctions including ordering the "execution of *all* or part of the sentence that

6

was suspended at the time of *initial sentencing*." (Emphases added).  We conclude that Frohwerk's arguments have no merit, and accordingly the court did not abuse its discretion in denying Frohwerk's petition.[3]

For the foregoing reasons, we affirm the trial court's denial of Frohwerk's Verified Petition for Writ of Habeas Corpus.

Affirmed.

---

[3] To the extent that Frohwerk's arguments suggest that he is entitled to "credit time," rather than credit for time served while on probation, we observe that Section I of Policy 01-04-101, titled "Credit Time and Incarceration Factors," states the following:

4.      Parole

       a.      The day a felon offender is released to parole, counts as a day of incarceration.  The offender receives credit time in accordance with the credit class to which he/she is assigned.

       b.      Each day that the offender serves on parole, counts as a day served on the sentence. *The offender earns no credit time while on parole*.

       c.      A parolee incarcerated under a parole violation warrant shall earn time served and applicable earned credit time from the date of service of the warrant.

Id. at 90-91 (emphasis added).  Thus, both Sections L.1 and I.4.a merely provide that on *the day* that an offender is released, he/she also earns a day of credit time.  At no point, however, does Policy 01-04-101 provide that parolees are entitled to credit time and indeed, Section I.4.b specifically provides that persons on parole do not earn credit time.  This is in accordance with Ind. Code § 35-50-6-6 which provides:

     (a)      A person *imprisoned* for a crime earns credit time irrespective of the degree of security to which he is assigned. *Except as set forth under IC 35-38-2.5.-5, a person does not earn credit time while on parole or probation*.

     (b)      A person imprisoned upon revocation of parole is initially assigned to the same credit time class to which he was assigned at the time he was released on parole.

     (c)      A person who, upon revocation of parole, is imprisoned on an intermittent basis does not earn credit time for the days he spends on parole outside the institution.

(Emphases added).  Ind. Code § 35-38-2.5.-5 provides, in subsection (e), that "[a] person confined on home detention as a condition of probation earns credit for time served."  This court has observed that defendants who are in a work release program may earn credit time.  Reed v. State, 844 N.E.2d 223, 225 (Ind. Ct. App. 2006).  Frohwerk does not suggest that either of these exceptions apply to his case.

BAILEY, J., and VAIDIK, J., concur.