**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2013, 7:17 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANTHONY HOUSTON**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY HOUSTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1208-PC-432 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy Barbar, Magistrate
Cause No. 49G02-9311-PC-157796

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Anthony Houston appeals the denial of his petition for post-conviction relief following his conviction of Criminal Recklessness,[1] a class D felony, and Carrying a Handgun Without Being Licensed,[2] a class A misdemeanor. Houston presents one issue on appeal: did the trial court properly advise him regarding possible alternative misdemeanor sentencing for his class D felony conviction?

We affirm.

On February 3, 1994, the trial court held a hearing on Houston's guilty plea. At the hearing, Houston was advised of his rights and the trial court verified that he knowingly and voluntarily entered his plea. Houston was informed of the possible maximum and minimum sentences for both counts. The following colloquy ensued:

> The Court: Okay. Okay. Then I will give him the advisements as to everything. Sir, a class D felony carries a presumptive term of imprisonment of one and one half years in prison; it could be aggravated up to three years, mitigated down to one half year for a determinate sentence, one half year up to three years up to a $10,000 fine, do you understand that, sir?
>
> Mr. Houston: Yes, sir.
>
> The Court: Sir, in certain situations a class A — excuse me, a class D felony can be sentenced as a class A misdemeanor and a class A misdemeanor carries no time up to one year up to a $5000 fine, do you understand that, sir?
>
> Mr. Houston: Yes, Sir.

*Transcript* at 9.

The trial court then explained to Houston the possibility of consecutive and aggregate

[1] Ind. Code Ann. § 35-42-2-2 (West, Westlaw current through P.L.171 with effective dates through May 7, 2013).
[2] Ind. Code Ann. § 35-37-2-1 (West, Westlaw current through P.L.171 with effective dates through May 7, 2013).

2

sentences that could result. After the factual basis for the plea was established, the trial court accepted Houston's plea and entered a judgment of conviction on criminal recklessness and carrying a handgun without a license.

1.

The purpose of post-conviction relief is to give the petitioner an opportunity to argue issues that were unavailable or unknown during trial or direct appeal. *Donnegan v. State*, 889 N.E.2d 886 (Ind. Ct. App. 2008). On post-conviction relief, the petitioner has the burden of establishing his claims by a preponderance of the evidence. *Id.* Claims that are generally recognized as appropriate for post-conviction relief fit into narrow classifications showing deprivation of the right to counsel or unavailability of issues at the time of trial or direct appeal. *Id.* Also, we will disturb the post-conviction court's decision only if the evidence is without conflict and leads to a conclusion opposite that of the post-conviction court. *Id.*

Houston claims he was not properly advised by the trial court under Ind. Code Ann. § 35-35-1-2 (West, Westlaw current through P.L.171 with effective dates through May 7, 2013), and he was misled about his sentencing options concerning the class D felony conviction. To prevail on a claim that he was improperly advised concerning sentencing alternatives, the petitioner must satisfy a two-part test inquiring into: "1) whether the defendant was aware of actual sentencing possibilities and 2) whether the accurate information would have made any difference in his decision to enter the plea." *Harris v. State*, 762 N.E.2d 163, 167 (Ind. Ct. App. 2002).

Houston fails to satisfy both elements of the test. He was advised that a class D felony,

3

like his conviction of criminal recklessness, "can be sentenced as a class A misdemeanor." *Transcript* at 9. He was also informed of the minimum and maximum sentences for a class D felony and a class A misdemeanor. Moreover, Houston was properly advised of consecutive and aggregate sentencing schemes, as well as the maximum and minimum he could receive under both. Therefore, Houston was properly advised by the trial court and his petition for post-conviction relief must fail.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.