**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 13 2015, 10:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**SCOTT KING**
**RUSSELL W. BROWN, JR.**
Scott King Group
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES FARRELL, III, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1403-PC-105 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1207-PC-71

**January 13, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

STATEMENT OF THE CASE

Charles Farrell III appeals the denial of his petition for post-conviction relief.

We affirm.

ISSUES

Farrell presents two issues for our review, which we restate as:

I.      Whether the post-conviction court erred by denying Farrell's claim of a violation of his due process rights.

II.     Whether the post-conviction court erred by denying Farrell's claim of ineffective assistance of appellate counsel.

FACTS AND PROCEDURAL HISTORY

The underlying facts as reported on direct appeal are as follows:

On July 25, 2009, Farrell asked Daron Tuggle if Farrell could "get some work," which Tuggle understood to mean Farrell wanted to purchase cocaine. Farrell indicated he wanted a "kilo or two." Tuggle contacted Alphonso James, whom Tuggle had assisted with large quantity cocaine deals in the past, and arranged a deal between Farrell and James.

Farrell arrived at the designated site with Bruce White and an unidentified third person. James was present with Tuggle and Noble Dennie. All six men entered a lower level apartment, where James handed Farrell two packages that were three inches wide and eleven inches long and wrapped in duct tape. Tuggle testified such packaging was indicative of a "bird or brick" of cocaine. Farrell asked for something to open the "brick" and Tuggle went to the kitchen to look for a knife.

While Tuggle was out of the room, White pulled out a gun, pointed it at James, and told James to "give it up." While James and White struggled with the gun, Farrell pulled out a gun and pointed it at Tuggle. When he saw the gun, Tuggle ducked down to the floor, saw White shoot James, and covered his head until the gunfire stopped. After the other men left, Tuggle called 911 to get help for James. When police arrived, James was dead.

2

*Farrell v. State*, No. 20A03-1008-CR-457, slip op. pp. 2-3 (Ind. Ct. App. July 19, 2011) (transcript citations and footnote omitted).

Following a jury trial, Farrell was convicted of felony murder. His conviction was affirmed on appeal. He then sought transfer to the Indiana Supreme Court. The Supreme Court denied transfer, and Farrell filed a petition for post-conviction relief. The post-conviction court held a hearing on Farrell's petition, and, on February 10, 2014, the post-conviction court entered findings of fact and conclusions of law denying Farrell's petition. He now appeals.

DISCUSSION AND DECISION

A post-conviction petitioner has the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *West v. State*, 938 N.E.2d 305, 309 (Ind. Ct. App. 2010), *trans. denied*. When appealing from the post-conviction court's denial of his petition, the petitioner appeals from a negative judgment and faces the rigorous burden of showing that the evidence, as a whole, leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Harris v. State*, 762 N.E.2d 163, 166 (Ind. Ct. App. 2002), *trans. denied*. In accordance with Indiana Post-Conviction Rule 1(6), the post-conviction court made findings of fact and conclusions of law. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error — that which leaves us with a definite and firm conviction that a mistake has been made. In this review, findings of fact are accepted unless they are clearly erroneous, and no deference is accorded to conclusions of law. *Kistler v. State*, 936 N.E.2d 1258, 1261 (Ind. Ct. App. 2010), *trans. denied*. The post-conviction court is the sole judge

3

of the weight of the evidence and the credibility of witnesses. *Witt v. State*, 938 N.E.2d 1193, 1196 (Ind. Ct. App. 2010), *trans. denied*.

## I. DUE PROCESS CLAIM

As his first issue, Farrell alleges a violation of his constitutional right to due process stating that he did not have reasonable notice of the crime with which he was charged. The essence of Farrell's claim is that, in its appellee's brief to this Court in the course of his direct appeal, the State argued the sufficiency of the evidence under a different statute than the one under which he was charged. Consequently, Farrell contends, this Court's decision in his direct appeal was in error, because it was based upon the same incorrect statute.

Farrell was charged with felony murder. Specifically, he was charged with and convicted of participating in the murder of James while attempting to "commit dealing in cocaine." In his direct appeal, Farrell raised three issues, only one of which is relevant here: whether there was sufficient evidence to sustain his conviction of the underlying felony as charged. In support of his sufficiency argument, Farrell alleged that he was a purchaser of cocaine and that no evidence was presented to show that he participated in the delivery of cocaine. In its appellee's brief, the State responded that "Defendant was attempting to possess cocaine with the intent to deliver it. I.C. § 35-48-4-1(a)(2)(C)." Petitioner's PCR Ex. 3, p. 9. A panel of this Court affirmed Farrell's conviction.

Farrell's assertion of error in his post-conviction proceeding stems from the State's citation in its brief to Indiana Code section 35-48-4-1(a)(2)(C) (2006), which provides:

> (a) A person who:
>
> . . .

4

(2) possesses, with intent to:

. . .

(C) deliver . . .

cocaine . . . commits dealing in cocaine.

This statute is a subsection of the dealing in cocaine statute; however, it is a different subsection than the subsection under which Farrell was charged and convicted. Farrell was charged and convicted under Indiana Code section 35-48-4-1(a)(1)(C), which provides:

(a) A person who:

(1) knowingly or intentionally:

. . .

(C) delivers . . .

cocaine . . . commits dealing in cocaine.

Although Farrell is correct that these are two different statutes requiring different evidence to prove the offense of dealing in cocaine, he is incorrect in his assertion that a misstatement in the State's brief on appeal creates a violation of his right to due process.

In the amended information, Farrell was charged with acting as an accomplice in the murder of James while attempting to commit dealing in cocaine, that is, by knowingly engaging in conduct which constitutes a substantial step toward knowingly delivering cocaine. *See* Appellant's DA App. p. 10.[1] Thus, Farrell was charged pursuant to Indiana Code section 35-48-4-1(a)(1)(C). This same charge was read to the jury at trial in both the

---

[1] We will refer to Farrell's direct appeal appendix as "Appellant's DA App." and to his PCR appendix as "Appellant's PCR App."

preliminary and the final instructions, *see* Appellant's DA App. pp. 32, 55, 56, and it is the offense of which Farrell was convicted. Indeed, Farrell recognizes that a conviction under Indiana Code section 35-48-4-1(a)(2)(C) was not pursued at trial. In his reply brief on direct appeal, he noted that "[t]he State also presented its entire case and argument upon the theory of delivery, not possession with the intent to deliver. The first mention of possession with the intent to deliver was in the Appellee's brief. The State cannot change its theory of the case on appeal." Petitioner's PCR Ex. 4, p. 6. Additionally, in his brief to this Court in the instant case, Farrell states that "[t]he State argued **for the first time on appeal** that there was sufficient evidence that Farrell was in possession of cocaine with the intent to distribute." Appellant's Br. p. 5 (emphasis added). Thus, Farrell was not convicted of a crime with which he was not charged; the alleged error of which he complains arose during the process of his direct appeal.

Farrell further contends that this Court, in his direct appeal, "relied upon this theory" of possession of cocaine with the intent to distribute in affirming his conviction. *Id.* We disagree. In Farrell's direct appeal, this Court cited to Indiana Code section 35-48-4-1(a)(1)(C) in its discussion of the sufficiency of the evidence of the underlying felony of attempted dealing in cocaine. Upon reviewing the evidence and citing to case law for the concept that the quantity of cocaine involved could lead to an inference of a predisposition to sell, this Court determined that a reasonable factfinder could conclude that Farrell completed a substantial step toward the delivery of cocaine to someone in the future based upon the quantity of drugs he tried to obtain. In its opinion, this Court neither cited to

6

Indiana Code section 35-48-4-1(a)(2)(C) nor stated anything about Farrell possessing cocaine with intent to deliver.

Thus, Farrell's argument raises no due process claim. Rather, his complaint is merely with the State's reasoning and misstatement in its appellee's brief, which is not a proper issue for post-conviction proceedings. In addition, to the extent that Farrell's argument in the instant case is a continuation of his challenge to the sufficiency of the evidence in his direct appeal, it also is not a proper issue for post-conviction proceedings. *See Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct. App. 2006) (stating that post-conviction proceedings do not afford petitioner opportunity for super appeal), *trans. denied*. Farrell's contention that the State's evidence was insufficient to support his conviction was decided against him on direct appeal, and our Supreme Court declined transfer of the case. Our review of this issue is thus barred by res judicata. *See Stowers v. State*, 657 N.E.2d 194, 199 (Ind. Ct. App. 1995) (stating that doctrine of res judicata precludes presentation of issues in post-conviction petition which have previously been decided upon direct appeal), *trans. denied*.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Farrell contends that his appellate attorney rendered ineffective assistance of counsel by failing to raise the due process challenge on direct appeal.

Claims of ineffective assistance of counsel are governed by the familiar two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant is required to establish both (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant.

7

*Johnson v. State*, 948 N.E.2d 331, 334 (Ind. 2011), *cert. denied*, 132 S. Ct. 1575, 182 L. Ed. 2d 194 (2012). The deficient performance prong requires a showing that counsel's representation fell below an objective standard of reasonableness. *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010). The prejudice prong requires a showing that counsel's errors were so serious as to render the result of the trial unreliable. *Id.* Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Id.* Moreover, failure to satisfy either prong of the two-part test will cause the defendant's claim to fail. *Henley v. State*, 881 N.E.2d 639, 645 (Ind. 2008). If we can easily dispose of an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient. *Id*. When raised on collateral review, ineffective assistance claims commonly fall into three basic categories: (1) denial of access to an appeal (2) waiver of issues and (3) failure to present issues well. *Ritchie v. State*, 875 N.E.2d 706, 723 (Ind. 2007).

As we determined in Issue I, there was no violation of Farrell's due process rights. The State charged and prosecuted Farrell on the underlying offense of attempted dealing in cocaine by completing a substantial step toward knowingly delivering cocaine. The jury heard argument of counsel and both preliminary and final instructions on that offense and convicted Farrell accordingly. Farrell's theory of a due process violation did not arise until his direct appeal was underway, specifically until the filing of the State's appellate brief. As we stated previously, Farrell acknowledged the timing of the appearance of this issue both in his reply brief in his direct appeal, *see* Petitioner's PCR Ex. 4, p. 6, and in his brief to this Court in the present case. *See* Appellant's Br. p. 5. Thus, at the time of filing of

Farrell's appellate brief, there was no argument to be made regarding an alleged violation of due process rights and, therefore, there was no defect in appellate counsel's performance for failing to argue such. *See Vaughn v. State*, 559 N.E.2d 610, 615 (Ind. 1990) (stating that counsel will not be deemed ineffective for failing to present meritless claim).

Nevertheless, in Farrell's reply brief, his appellate counsel specifically addressed Farrell's allegation of error. Appellate counsel noted that although the two offenses are contained in a single statute, they are two distinct offenses requiring distinct evidence to prove. He also noted that Farrell was charged with knowingly delivering cocaine (Indiana Code section 35-48-4-1(a)(1)(C)) and that, at trial, the State presented its entire case upon this statute. Counsel, remarking that the State cannot change its theory of the case on appeal, further observed that the first mention of possession with intent to deliver cocaine (Indiana Code section 35-48-4-1(a)(2)(C)) was in the appellee's brief. *See* Petitioner's Ex. 4, p. 6. Thus, Farrell's appellate counsel was not deficient for failing to raise a due process violation on direct appeal because that claim was meritless. Furthermore, when an issue arose regarding a misstatement in the State's brief, Farrell's counsel presented timely and appropriate argument.

                                    CONCLUSION

For the reasons stated, we conclude that the post-conviction court properly denied Farrell's claim of a violation of his due process rights and his claim of ineffective assistance of his appellate counsel.

Affirmed.

VAIDIK, C.J., and PYLE, J., concur.

9