Eddie E. LEWIS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A03–9202–PC–45.

Court of Appeals of Indiana, Third District.

July 22, 1992.

Susan K. Carpenter, Public Defender, Steven H. Schutte, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

GARRARD, Judge.

A jury convicted Lewis of First Degree Murder and Murder in the Perpetration of a Felony, and he was sentenced for the felony murder. On direct appeal the supreme court affirmed. *Lewis v. State* (1979) 272 Ind. 365, 397 N.E.2d 983.

In 1986 Lewis petitioned for post-conviction relief under PCR 1. Hearing was held and on March 26, 1990, the court entered its findings and judgment denying relief. On September 5, 1990, Lewis petitioned to hold his appeal in abeyance to permit filing in the trial court a motion for relief from judgment. This court granted that motion and Lewis petitioned the trial court to vacate its judgment so that he might present the testimony of his trial attorney, who had been unavailable at the time of the post-conviction hearing.

On October 18, 1990 the trial court entered its order withdrawing the findings of fact and conclusions previously entered and vacating its prior order denying relief. A year later, on October 21, 1991 Lewis filed his amended petition for post-conviction relief in which he attempted to assert a number of new grounds for relief. On October 23, 1991 the court entered its order stating that the order of October 18, 1990 "should be clarified to state that the defendant has been granted permission of the court to present the testimony of trial counsel in support of the claims made in the defendant's original petition for post-conviction relief. To the extent that the order of October 18, 1990, was understood to give the defendant permission to raise new issues and present other witnesses, that order is vacated." The court then ordered the 1991 petition to amend stricken, heard the testimony of trial counsel and entered its order denying relief and ratifying its original findings.

The first contention raised by Lewis on appeal precludes the necessity of addressing his other issues. He asserts the court erred in not permitting him to amend his petition for post-conviction relief and holding a hearing on the amended petition. We are constrained to agree.

Post-conviction Relief Rule 1, § 4(c) prescribes that "[a]t any time prior to entry of judgment ... the petitioner shall be given leave to amend the petition as a matter of right." The provision has been interpreted to mean precisely that. *Neeley v. State* (1978) 269 Ind. 588, 382 N.E.2d 714.

When the court elected to withdraw its findings and vacate its judgment it left the case squarely within the ambit of PC 1,

§ 4(c). On that state of the record the petitioner was entitled as a matter of right to amend his petition, which he clearly attempted to do. The court was not at liberty to subsequently re-interpret its judgment to avoid that consequence.

The judgment is reversed and the cause is remanded with instructions to reinstate the amended petition and for such further proceedings thereon as may be necessary.

Reversed and remanded.

HOFFMAN, P.J., and MILLER, P.J., concur.