**Marshall JACKSON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–9605–PC–157.

Court of Appeals of Indiana.

Jan. 16, 1997.

Transfer Denied March 6, 1997.

Marshall Jackson, Pendleton, Pro Se.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Marshall Jackson ("Jackson") appeals the denial of his post-conviction relief petition. We affirm.

## FACTS AND PROCEDURAL HISTORY

In October 1974, Jackson was charged with robbery[1] and auto banditry[2] in connection with an armed attack on a bar owner on October 18, 1974. On March 3, 1975, Jackson plead guilty to the offense of theft over $100,[3] a lesser included offense of robbery. At the guilty plea hearing, Jackson's attorney stated that the plea agreement included a waiver of the right to trial by jury, a guilty plea to the lesser included offense, and that Jackson would be required to testify as a state witness against a co-defendant. The state agreed that Jackson would be pleading to "the crime of Theft from a Person, one (1) to ten (10) years" and added that the auto banditry charge would be "nolle prossed" at the time of sentencing. In addition to accepting the plea, ordering a pre-sentence report and setting the matter for sentencing on March 27, 1975, the trial judge asked Jackson, "You understand fully by entering this plea that you will be sentenced to one (1) to ten (10) years?" Jackson responded, "Yes." (R.38).

At the sentencing hearing on March 27, 1975, Jackson's attorney made a statement on Jackson's behalf and Jackson spoke on his own behalf. The trial court, after indicating that it had reviewed the pre-sentence report, sentenced Jackson to not less than one (1) year nor more than ten (10) years and ordered him committed to the Department of Correction for assignment to a proper institution. The trial court withheld execution of the sentence until April 25, 1975 and subsequently rescheduled the matter for May 30, 1975.

The written order of the trial court indicated that on May 30, 1975, Jackson appeared in court without counsel for the reason that his attorney was "no longer in the practice of law." (R.28A). Further, the order stated that the trial court "after reviewing the presentence investigation report now sentences the defendant, Marshall Jackson, to not less that one nor more than ten years. Sentence suspended. The defendant is placed on probation for a period of two (2) years." (R.28).

Jackson filed a *pro se* petition for post-conviction relief on May 10, 1988 (hereinafter "original petition"). His grounds for relief were stated as "[a]ll of my rights were not provided under I.C. 35–34–1–1–3 which is now I.C. 35–35–1–2." (R.55). On April 16, 1993, Jackson filed *pro se*[4] a handwritten motion to amend his petition for post-conviction relief (hereinafter "first amendment"), alleging several grounds for relief, including: that his guilty plea was not knowing, voluntary and intelligent; ineffective assistance of counsel due to a conflict of interest; that he was unaware that he was waiving his rights; that the court violated the plea agreement by placing him on probation; insufficient factual basis for his plea; and that he was deprived of counsel at his sentencing hearing.

On July 2, 1993, Jackson filed a motion for leave to amend his petition for postconviction relief (hereinafter "second amendment"). Although phrased three different ways in the petition, the only ground for relief was that the trial court had accepted Jackson's plea agreement without ordering, receiving and considering the pre-sentence report.

On August 10, 1993, Jackson filed another amended petition for post-conviction relief (hereinafter "third petition").[5] The third amendment indicated that the original post-

1. I.C. 1971, § 35–13–4–6; IND.CODE ANN. § 10–4101 (Burns 1956).

2. I.C. 1971, § 35–12–2–1; IND.CODE ANN. § 10–4710 (Burns 1956)(Burns Supp.1961).

3. I.C. 1971, § 35–17–5–3; IND.CODE ANN. § 10–3030 (Burns 1956)(Burns Supp.1971).

4. A deputy from the Indiana Public Defender's office entered an appearance after Jackson filed his original petition. However, prior to Jackson filing his first amendment, the post-conviction court granted the deputy public defender's motion to withdraw due to Jackson's desire to proceed *pro se.*

5. Jackson contends that the trial court initially misplaced or lost the third amendment. He indicates in his brief that the clerk's office wrote to him and requested a copy of the third amendment. Jackson's brief contains an appendix in which he provides a copy of the clerk's letter requesting a copy of the third amendment and a copy of the follow-up letter from the clerk's office indicating that it had located a copy of the amendment and placed it in the praecipe. We note that the copy of the third amendment which appears in the appendix to Jackson's brief was filed marked August 10, 1993. (Appellant's Brief, A–3). The copy which appears in the record contains no file mark. Jackson apparently includes the letters within his brief in an

conviction relief petition was filed in May 1988 and the first amendment was filed on April 16, 1993. It also indicated that in July 1993, the second amendment was tendered to the court and that Jackson did not want the court to delete anything from the second amended petition and that the grounds for relief in the second amendment should be incorporated with the ground for relief in the first amendment.[6]

On the trial court's own motion, the hearing on the petition for post-conviction relief was continued until November 3, 1993. On November 3, 1993, the state appeared and Jackson appeared *pro se.* The only evidence Jackson offered was transcripts of the guilty plea and sentencing hearings and a case chronological summary. On January 25, 1996, the post-conviction court entered findings of fact and conclusions of law and denied Jackson's petition. However, the post-conviction court addressed only the issue of whether Jackson was properly informed of his rights at the guilty plea hearing (as raised in the original petition) and whether the trial court had jurisdiction to accept Jackson's guilty plea pursuant to a plea agreement without having received and reviewed the pre-sentence report (as raised in the second amendment). Although the post-conviction court acknowledged that Jackson's first amendment raised nine specific claims of error,[7] it indicated that as finally amended, by the second amendment, the petition raised only one ground. Jackson appeals the denial of his post-conviction relief petition. Additional facts will be supplied as needed.

## ISSUES

In appealing the denial of his petition for post-conviction relief, Jackson raises three issues:

attempt to supercede this court's November 25, 1996 denial of his petition to supplement the record on appeal. Although these letters cannot be considered as part of the record, we note that the state does not dispute the filing of the third amendment and refers to the August amendment in its brief. (Appellee Brief, p. 5–7). Therefore, we will treat the third amendment as being filed on August 10, 1993.

6. In his third amendment, Jackson indicated that paragraph eight (grounds for relief) and paragraph nine (the facts which support those grounds) should be incorporated with sections J,

I. Whether the post-conviction court erroneously failed to make findings of fact and conclusions of law as required by the Ind.Post–Conviction Rules.

II. Whether the post-conviction court erred in failing to find that Jackson's guilty plea was entered into unknowingly, involuntarily and unintelligently.

III. Whether the post-conviction court erred in failing to find that Jackson received ineffective assistance of counsel.

## Standard of Review

 On an appeal of the post-conviction court's decision, Jackson bears the burden of proving his claims by a preponderance of the evidence. *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied.* We will consider only the probative evidence and reasonable inferences supporting the judgment and will not weigh the evidence or assess witness credibility. *Wickliffe v. State,* 523 N.E.2d 1385, 1386 (Ind.1988). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford,* 619 N.E.2d at 917.

## I. Findings of Fact and Conclusions of Law

Jackson argues that the post-conviction court failed to make specific findings of fact and conclusions of law on all issues presented

K and L. Based on an examination of the original petition and subsequent amendments, it would appear that Jackson intended the three grounds for relief offered in the second amendment to become subsections J, K and L when added to the grounds for relief offered as letters A through I in the first amendment.

7. Jackson's second amendment listed ground for relief as letters A through I (nine). However, there were not nine actual grounds for relief as some were repetitive.

as required by Ind.Post–Conviction Rule 1(6). He contends that he raised eleven grounds for relief but that the post-conviction court reached only one because the court did not consider his third amendment. Jackson's third amendment did not offer additional grounds for post-conviction relief, but Jackson contends that it communicated his intent that his initial petition and all subsequent amendments be treated collectively, thereby preserving all grounds for relief. Our review of the trial court's findings of fact and conclusions of law reveals that the trial court reviewed the grounds raised in Jackson's original petition and in the second amendment. The court failed to acknowledge or address in any fashion the third amendment, nor did the court address any grounds for relief set forth in Jackson's first amendment. Although the trial court did not refer to the various amendments by date, it is contextually clear that the court considered the second amendment to be the final amendment.

> Thirteen years after the sentencing hearing, the petitioner filed a petition for post-conviction relief in which he claimed that the trial court judge had not informed the petitioner of all of his rights at the guilty plea hearing as required by statute. Five years after the petition was filed, the petitioner amended his petition [the first amendment] with nine specific claims of error, including a claim that he was denied the effective assistance of counsel in the trial court. Three months after that, however, the petitioner amended his petition again [the second amendment]. *As finally amended,* the petition raises only one ground.

(R.129) (emphasis added).

All three of Jackson's amendments were filed in 1993, at which time Ind.Post–Conviction Rule 1, § 4(c)[8] provided that "[a]t any time prior to entry of judgment the court may grant leave to withdraw the petition, *and* the petitioner *shall be given leave to amend the petition as a matter of right.*" (Emphasis added). *See also Lewis v. State,* 595 N.E.2d 753 (Ind.Ct.App.1992). Jackson

could amend the petition at any time prior to entry of judgment as a matter of right. The third amendment filed in August 1993 was the last amendment and clearly was filed prior to the entry of judgment. Therefore, the trial court erred in finding the second amendment filed in July 1993 to be the final amendment and in failing to address the content of the third amendment.

▇ Having determined that the trial court erred in failing to consider the third amendment, we are confronted with the question of whether consideration of the third amendment would have required the trial court to address all grounds for relief presented collectively in the original petition and subsequent amendments. Jackson argues that the third amendment "made it perfectly clear that there were to be no deletions" and that it therefore simulated interlineation. Jackson cites *Neeley v. State,* 269 Ind. 588, 382 N.E.2d 714 (1978), to support his contention that amendments by interlineation must be considered in postconviction relief petitions. The state argues, without citation, that if Jackson wanted the court to consider the nine grounds for relief raised in his first amendment, "he was required to present those grounds by incorporating them" into his second amendment, rather than "confusing the court by presenting amendment after amendment to his original petition." (Appellee Brief, p. 6).

▇ We initially note that a post-conviction proceeding is a special quasi-civil remedy whereby a defendant can present error which, for various reasons, was not available at the time of original appeal. *Hamilton v. State,* 618 N.E.2d 52, 53 (Ind.Ct.App.1993), *trans. denied.* Post-conviction proceedings are governed by rules and statutes applicable to civil proceedings. *Id.* Ind.Post–Conviction Rule 1(5). The generally accepted rule regarding amendments to pleadings is that by filing an amended pleading, the pleading which it amends is wholly replaced. *City of Gary v. Pontarelli,* 212 Ind. 319, 9 N.E.2d 86 (1937). *See also State v. LaRue's, Inc.,* 239 Ind. 56, 154 N.E.2d 708, 712 (1958) (It is

---

**8.** Ind.Post-Conviction Rule 1, § 4(c) was amended, effective February, 1995, to restrict the petitioner's ability to amend the petition as a matter

of right to no later than sixty days prior to the date the petition was set for trial.

fundamental law on pleading that the filing of an amended complaint takes the original complaint out of the record).

However, we also note that Ind.Trial Rule 15 is more restrictive than P–C.R. 1(4)(c) on the right of a party to amend its pleading.

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires.

T.R. 15. Ind.Post–Conviction Rule 1(4)(c) sets forth a more liberal amendment procedure to augment the rule that all grounds for relief available to a post-conviction relief petitioner must be raised in his original petition unless "the court finds a ground for relief asserted [in a subsequent petition] which for sufficient reason was not asserted or was inadequately raised in the original petition." Ind.Post–Conviction Rule 1(8).

Despite the lack of citation, we acknowledge some merit in the state's argument regarding the potential for confusion with multiple amendments. Clearly, the better method, and potentially the required method in cases with differing circumstances, would have been for Jackson to consolidate all of the arguable grounds for relief in his final amended petition. Jackson failed to do this. Although we do not agree that the third amendment is perfectly clear, Jackson did communicate to the parties in his third and final amendment, filed *pro se*, his intent that none of his grounds for relief be deleted. We recognize the general rule that an amended pleading supersedes the previous pleading. *LaRue, supra.* However, given the more liberal amendment procedure for post-conviction relief petitions and the content of Jackson's final amendment, the failure of the trial court to address Jackson's

various grounds for relief offered collectively in his original petition and subsequent amendments was error. Accordingly, we find that the trial court erroneously failed to enter findings of fact and conclusions of law on all issues.

■ The trial court's failure to enter specific findings of fact and conclusions of law in ruling on a petition for post-conviction relief, however, is not reversible error when the issues are sufficiently presented for review and addressed by the parties. *Herman v. State*, 526 N.E.2d 1183, 1184 (Ind.1988). *See also Lowe v. State*, 455 N.E.2d 1126, 1128 (Ind.1983) (A remand for more specific finding is not necessary when facts underlying the claim are not in dispute and the issues are sufficiently clear). Jackson urges this court to address the various grounds for relief on the merits because no factual dispute exists and the record of proceedings contains all the evidence available to the post-conviction court. We note also that although the state contends that the grounds for relief in Jackson's first amendment should not be addressed, the state alternatively addresses the merits of Jackson's contentions in its brief. Therefore, we find no reversible error and will address the various grounds for relief.

### Insufficient Factual Basis

■ Jackson contended that there was an insufficient factual basis to support his guilty plea pursuant to Ind.Code § 35–4.1–1–4(b).[9] "Numerous decisions of this state's appellate courts have recited the rule that a factual basis is sufficiently established when the prosecutor reads the charging information and the defendant admits that the allegations of the information are true. [Citations omitted]." *Melton v. State*, 611 N.E.2d 666, 669 (Ind.Ct.App.1993). An adequate factual basis for the acceptance of a guilty plea may be established by the State's presentation of evidence on the elements of the charged offense. *Hinkle v. State*, 605 N.E.2d 200, 203 (Ind.Ct.App.1992), *reh'g denied, trans. denied.* "A proper factual basis may also be

---

**9.** Ind.Code § 35–4.1–1–4(b) was repealed by Acts 1981, P.L.298, Sec. 9(a) and replaced by Ind.Code § 35–35–1–3, which requires the same finding.

established where a defendant admits the truth of the allegations contained in an information read in open court or where a defendant indicates that he understands the nature of the crime charged and that his guilty plea constitutes an admission of the charge." *Id.*

■ Jackson expressed his intent to plead guilty to the lesser offense of theft from a person. Jackson admits that the state read into evidence the factual basis and that he answered "yes" to the state's information. (Appellant Brief, p. 18, Record, p. 40). However, he argues that his answer was the result of pressure and influence from the family and his attorney to help his brother. Jackson's contention is without support. Whether the acknowledgment of the necessary factual basis was voluntary does not address the issue of whether the factual basis set forth was adequate. The factual basis was sufficiently established when Jackson admitted the allegations set forth by the prosecutor.[10]

### Denial of Counsel at Sentencing

Jackson contends that he was denied counsel at sentencing. We find *Guajardo v. State,* 544 N.E.2d 174 (Ind.Ct.App.1989), and *Ford v. State,* 179 Ind.App. 535, 386 N.E.2d 709 (1979), instructional.

In *Guajardo,* the defendant claimed he was denied his sixth amendment right to assistance of counsel at his sentencing. The trial court failed to preserve a transcript of the sentencing hearing but the court docket noted the absence of counsel and the fact that defense counsel conferred with the judge prior to the sentencing hearing. No record of waiver of counsel by the defendant existed. We concluded that although the defendant had a constitutional right to presence of counsel at his sentencing hearing, the absence of counsel did not require reversal in his case.

Guajardo's only claimed harm was that counsel's absence may have contributed to his losing the opportunity to continue treatment which he had been receiving. . . . The sentence he received was the mandatory sentence for the offense. . . . He served that sentence until he was paroled in 1983, more than seven years after his conviction. Indeed, more than ten years elapsed before Guajardo initiated his proceeding for post conviction relief. Under these circumstances, and because the error does not affect the validity of the conviction, the error has been mooted since nothing can be done to correct it. Resentencing would serve no purpose.

*Id.* at 177.

In *Ford v. State,* following entry of judgment but prior to sentencing, defendant's counsel filed a motion for limited withdrawal based on a conflict of interest. After the trial court denied his motion and based on these same ethical considerations, defendant's counsel did not address the court on Ford's behalf at the sentencing hearing. The defendant contended that the trial court's refusal denied him his constitutional right to effective representation of counsel. We held that:

Regardless of the merits of Ford's contention, we are unable to perceive how Ford was prejudiced by the fact that his counsel did not address the court at the sentencing hearing. [footnote omitted]. Ford was sentenced to serve concurrent terms of not less than two (2) nor more than fourteen (14) years and not less than ten (10) nor more than twenty (20) years for his respective convictions for Assault and Battery with Intent to Kill and First Degree Burglary. In IC 1971, 35–7–1–1 (Burns Code Ed.), the legislature denied the trial court the power to grant probation on a conviction for the latter offense, which was the subject of the more severe sentence received by Ford. Accordingly, the inability of his lawyer to address the court could not affect the length of Ford's incarceration. Ford's sentencing was in fact little more than a ministerial ceremony.

*Id.* at 714.

■ Although Jackson was not represented by counsel on May 30, 1975, he appeared

---

10. Jackson argues that his indication to the trial court that he did not enter the bar and that he drove the car made his admission an insufficient factual basis for robbery or theft. His admission of the robbery was not required for a theft conviction. Nor do we agree with Jackson that by making this distinction he was maintaining his innocence. (Appellant Brief, p. 17).

for sentencing on March 27, 1975. Jackson's attorney was present and spoke on his behalf at the sentencing hearing of March 27, 1975. The transcript of the March sentencing indicated that the trial court sentenced Jackson to not less than one year nor more than ten years and ordered him committed to the Department of Correction for proper assignment. Although the execution of the sentence was withheld, the trial court ultimately suspended the entire sentence and placed him on probation for two years. Jackson acknowledged at his guilty plea and initial sentence hearing that he would receive a one to ten year sentence. Even if Jackson's right to counsel was violated, Jackson has failed to show how he was prejudiced. At the time of Jackson's sentencing, IC 1971, § 35–17–5–12 required the sentence that Jackson received. The fact that the trial court ordered all of Jackson's sentence to be suspended is diametrically opposed to his contention that he was prejudiced. Additionally, given that any error in sentencing would not affect the validity of the conviction, re-sentencing Jackson would serve no apparent purpose and Jackson offers none. *Guajardo*, 544 N.E.2d at 177.

**11.** In addition to Jackson's self-serving contention, we note that the trial court found that the plea agreement was oral and we find no reference by the parties to a written plea agreement. Jackson cites *Disney v. State*, 441 N.E.2d 489, 492 (Ind.Ct.App.1982), *State ex rel Goldsmith v. Marion County Superior Court, Criminal Division No. 1*, 275 Ind. 545, 419 N.E.2d 109 (1981), and Ind.Code § 35–5–6–2(b) to support his argument. However, Ind.Code § 35–5–6–2(b) was added by Acts 1975, P.L. 332, and did not take effect until July 29, 1975, after Jackson's sentencing. As Judge Hoffman noted in *Spalding v. State*, 165 Ind.App. 64, 330 N.E.2d 774, 778 (1975), decided prior to the effective date of Ind.Code § 35–5–6–2:

An additional aspect of this case requires comment. Nearly the entire hearing on the petition for post-conviction relief in the trial court was devoted to an ascertainment of the terms of the plea bargain in this cause. Although indications of what some of the terms of the plea bargain might have been appear in the transcript of the sentencing hearing at which such plea bargain was consummated, both Spalding and the State were forced to rely upon the recollections of the participants in attempting to prove such terms.

## Plea Agreement

Jackson alleged that his two year probation was contrary to his plea agreement but offered no evidence aside from his own assertion.[11] "When a guilty plea is attacked because of alleged misinformation concerning sentencing, the issue of the validity of such plea is determined by a two-part test: (1) whether the defendant was aware of actual sentencing possibilities and (2) whether the accurate information would have made any difference in his decision to enter the plea." *Disney v. State*, 441 N.E.2d 489, 492 (Ind.Ct.App.1982). Even if the first part of the test was met, Jackson was allowed to plead to a lesser offense and all of his time was suspended in exchange for two years of probation. Given these circumstances and in light of Jackson's burden to prove his grounds for relief by a preponderance of the evidence, Jackson has failed to show that his being informed of the probation prior to entering the plea would have made a difference in his plea. Jackson is not entitled to relief.

The post-conviction court addressed Jackson's argument raised in his second amendment that the trial court was without power to accept his plea agreement without first having received and considered a pre-sen-

It is doubtful that the secreting of the terms of plea bargains even as they are being consummated is beneficial, for such clandestinity can lead to misapprehension, mistake or even calculated misrepresentation.

. . .

Once the propriety of plea bargaining is recognized, it becomes apparent that the interests of justice would *well be served* if trial courts would *encourage* the placing of record of all the terms of such agreements at the time they are presented to the court. In addition to the introduction into the record of an oral or written statement of the terms of the bargain, in some cases a trial judge may wish to advise a defendant who appears uncertain about revealing the terms of a plea bargain that such bargains are an accepted practice, and that for his own protection all promises made to him in return for his plea *should be placed* of record. *Id.* at 778 (emphasis added). Prior to the effective date of the statute, plea agreements were not required to be in writing. Additionally, Judge Hoffman's comments make clear that a recitation of the terms into the record, although advantageous, was not required. Given Jackson's burden on post-conviction relief, his bare assertion that the agreement did not contemplate probation was not sufficient to carry his burden.

tence report. Jackson cited *Reffett v. State,* 571 N.E.2d 1227 (Ind.1991), to support his contention that the trial court failed to follow IND.CODE § 35–35–3–3(a) requiring a presentence report prior to accepting a plea agreement. As the post-conviction court noted in its conclusions of law, IND.CODE § 35–5–6–2, which was repealed and the content of which is now covered by IND.CODE § 35–35–3–3, did not become effective until July 1975, after Jackson's sentencing. Further, Jackson's contention that *Reffett* indicated that the trial court was without power to accept the plea agreement was erroneous. *Reffett,* decided after I.C. § 35–35–3–3 became operative, held that although the law required the trial court to consider the presentence report before accepting any plea, the court's failure to do so did not strip it of the power to accept the plea agreement. *Reffett,* 571 N.E.2d at 1230. The post-conviction court properly determined that the trial court was not without power to accept the plea.

## II. Guilty Plea

Jackson contended in his original petition that "all of [his] rights were not provided under I.C. 35–34–1–1–3 which is now I.C. 35–35–1–2." (R.55). In his second amendment, he argued that his plea was not entered voluntarily, knowingly and intelligently. Jackson's statement of his ground for relief was nothing more than a contention that his rights were not provided according to statute and that his plea was not knowingly, intelligently and voluntarily entered into, in violation of the United States Constitution. *Odom v. State,* 647 N.E.2d 377 (Ind.Ct.App. 1995), *trans. denied,* provides the standard for reviewing guilty pleas.

> Our standard for reviewing guilty pleas was delineated in *White v. State* (1986), Ind., 497 N.E.2d 893. *See Hinkle v. State* (1992), Ind.App., 605 N.E.2d 200, 202, *reh'g. denied, trans. denied.* A petitioner's conviction will be vacated if the record fails to disclose that the defendant was advised of the right to a jury trial, right of confrontation and right to avoid self-incrimination. An omission of other advice contemplated by I.C. § 35–35–1–2 supports reversal only

if a petitioner demonstrates that he or she was prejudiced thereby. *Id.*

*Id.* at 381.

 Our review of the transcript of the guilty plea does not support Jackson's contention that he was not advised of his right to trial by jury, right to confront and cross-examine witnesses and right against self-incrimination. If a trial court does not inform a defendant of his *Boykin* rights, a conviction will be vacated without a showing of prejudice to defendant. *State v. Lime,* 619 N.E.2d 601 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* At the guilty plea hearing, held on the day that the matter was set for trial, the following exchange took place between Jackson and the trial court judge:

Q Do you wish to waive your constitutional right to trial by Jury?

A Yes.

Q You have discussed it with Mr. Wleklinski [Jackson's counsel]?

A Yes, I have.

Q And in the trial of this case Mr. Jackson, do you understand that you have also the right to have the witnesses in the case appear in Court so that you may cross examine them and confront them here in court.

A Yes, sir.

Q You have a right to bring your own witnesses and if you need the sbupoena [sic] powers of the Court to bring those witnesses in that is available to you, do you understand that?

A Yes, Your Honor.

Q You cannot be compelled to testify int his [sic] case, the constitution protects you against self incrimination Mr. Jackson and if you choose not to testify that would not be considered in determing [sic] your guilt or innocence, is that clear?

A Yes, sir.

(R. 143–44). Jackson's relinquishment of his *Boykin* rights is clear from the face of the transcript of the guilty plea hearing.

Jackson also asserts that a failure to offer advisement in strict accordance with statute entitled him to relief. Even if the trial judge failed to give an advisement in accordance

with statute, Jackson has failed to show prejudice. Since the record disclosed that Jackson received his *Boykin* rights, Jackson's claim that his plea was involuntary and unintelligent is nothing more than an assertion without support. Jackson must plead specific facts from which a finder of fact could conclude that the trial judge's failure to inquire in accordance with statute rendered his decision involuntary or unintelligent. *White v. State,* 497 N.E.2d 893, 905 (Ind.1986). He failed to do so and accordingly, we find no error.

### III. Ineffective Assistance of Counsel

◼ Jackson alleged that he received ineffective assistance because his attorney had a conflict of interest by representing Jackson's brother, who was a co-defendant. For Jackson to prevail on a claim of ineffective assistance of counsel, he must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance the result of the proceedings would have been different. *Hendrickson v. State,* 660 N.E.2d 1068, 1072 (Ind.Ct.App.1996), *trans. denied.* Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Id.* Where a defendant challenges counsel's performance after pleading guilty, the second prong can only be met by the defendant showing that there is a reasonable probability that, but for counsel's errors, he would have refused to plead guilty and would have insisted on going to trial. *Id.* Additionally, to prevail on a claim of conflict of interest, the defendant must demonstrate to the post-conviction court that trial counsel had an actual conflict of interest and that the conflict adversely affected counsel's performance. *Spranger v. State,* 650 N.E.2d 1117, 1124 (Ind.1995), *reh'g denied* (citing *Cuyler v. Sullivan* (1980), 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 347). Although we recognize that the representation of co-defendants should be avoided, such representation is not *per se* evidence of ineffective representation. *Ross v. State,* 268 Ind. 608, 377 N.E.2d 634, 636 (1978).

◼ The evidence provided at the post-conviction hearing consisted of the transcripts of the guilty plea and sentencing hearings. Assuming, *arguendo,* that an actual conflict of interest existed, Jackson failed to show that the conflict adversely affected his representation. Jackson's attorney negotiated a plea by which Jackson received a one to ten year sentence with all time suspended despite his facing an initial charge which carried a possible penalty of ten to twenty-five years. Additionally, Jackson failed to show there was a reasonable probability that, but for counsel's representation of Jackson's brother, he would have refused to plead guilty and would have insisted on going to trial. Jackson indicated that his attorney and his family were concerned for the welfare of his brother and offered a bald assertion that he was prejudiced in that he did not want to plead guilty and wanted a trial. The record of his guilty plea does not support his assertion. Jackson had ample opportunity and invitation from the trial court to express his desire to exercise his right to trial. Clearly Jackson has not provided convincing evidence to rebut the strong presumption that counsel was competent. *Jarrett v. State,* 580 N.E.2d 245, 248 (Ind.Ct.App.1991), *trans. denied.* Therefore, we find no ineffective assistance of counsel.

### CONCLUSION

As to the grounds for relief which were not addressed by the post-conviction court, Jackson failed to establish that he was entitled to relief. Regarding the grounds which were addressed by the post-conviction court, we affirm the denial of Jackson's petition for postconviction relief.

Affirmed.

STATON and RILEY, JJ., concur.