**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 22 2014, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANTHONY BARNETT**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY BARNETT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1302-PC-84 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE FLOYD CIRCUIT COURT
The Honorable J. Terrence Cody, Judge
Cause No. 22C01-0310-PC-2

**January 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Over thirty years ago, Anthony Barnett pleaded guilty to a Class C felony based on the State's assurances that it would recommend a ten-year sentence. At the sentencing hearing, the State realized its recommendation was erroneously made as though the crime was a Class B felony. Without objection, the trial court allowed the State to reduce its recommendation to five years and imposed that sentence.

Barnett now appeals the denial of his petition for post-conviction relief, which claimed in part that his guilty plea was not knowing, intelligent, and voluntary. We conclude the post-conviction court did not err by denying Barnett's petition and therefore affirm.

In December 1979, the State charged Barnett with Class C felony burglary in cause number 13794. In March 1980, pursuant to plea recommendations filed by the State, Barnett pleaded guilty to this charge as well as to a Class C felony robbery charge and a Class C felony battery charge in two other cause numbers. The State's recommendation in cause number 13794 stated that if Barnett followed through with his intent to plead guilty to Class C felony burglary, the State recommended a sentence of ten years, with four years executed and six years suspended, to be served concurrent with the two other causes. The recommendations in the two other causes were the same.

At the guilty plea hearing, Barnett's counsel told the trial court that the plea recommendation called for concurrent ten-year sentences, with four years executed and six years suspended. The court asked Barnett, "Is this the recommendation as you understand it, Mr. Barnett?" Ex. Vol. p. 24. Barnett responded, "Yes, sir." Id. The

court and defense counsel then asked whether he understood the terms of the offer, to which he responded, "Yeah." Id.

At the sentencing hearing, the State observed that its plea recommendations, which clearly noted Class C felonies, were within the statutory parameters of Class B instead of Class C felony sentences.[1] Defense counsel agreed there was a mistake. Upon the State's request and defense counsel's assent, the trial court allowed the recommendation to be amended to five years, with four years executed and one year suspended, noting, "I certainly don't see how the defendant is going to be prejudiced by a reduction in the amount of time in the recommendation and I don't see where that's going to cause us any problem." Id. at 53. The court found the amended recommendation reasonable and thus sentenced Barnett to concurrent five-year sentences, with four years executed and one year suspended.

Over twenty years later in 2003, after he was charged with being a habitual offender in another cause number, Barnett filed a petition for post-conviction relief challenging his Class C felony burglary conviction in cause number 13794. The petition was dismissed without prejudice, then later reinstated and amended. In the amended petition, Barnett claimed that he received ineffective assistance of trial counsel and that his guilty plea was not knowing, intelligent, and voluntary. After several hearings, the post-conviction court denied the petition.

---

[1] At the time Barnett committed these offenses, the statutory range for a Class B felony was between six and twenty years, with the presumptive sentence being ten years. Ind. Code § 35-50-2-5 (1977). The statutory range for a Class C felony was between two and eight years, with the presumptive sentence being five years. Ind. Code § 35-50-2-6 (1977).

In this appeal, Barnett abandons his claim of ineffective assistance and contends only that the post-conviction court erred by denying relief on the guilty plea issue. Specifically, he contends that he was misled into thinking he faced twenty years, the maximum sentence for a Class B felony, and that he was not informed that the minimum sentence for a Class C felony was two years. Had he been properly advised, he claims, he would have chosen to go to trial on the burglary charge.

In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Henley, 881 N.E.2d at 643. The reviewing court will not reverse the judgment unless the petitioner shows that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44. Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). We will reverse a post-conviction court's findings and judgment only upon a showing of clear error, which is that which leaves us with a definite and firm conviction that a mistake has been made. Id. at 644. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). We accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. Id.

4

On review of a guilty plea, we look at all the evidence before the post-conviction court. Moffitt v. State, 817 N.E.2d 239, 249 (Ind. Ct. App. 2004), trans. denied. If the evidence exists to support the post-conviction court's determination that the guilty plea was knowing, intelligent, and voluntary, we will not reverse. Id. When a guilty plea is attacked because of alleged misinformation concerning sentencing, the issue of the validity of such plea is determined by the following two-part test: (1) whether the defendant was aware of actual sentencing possibilities; and (2) whether the accurate information would have made any difference in his decision to enter the plea. Id.

The transcript of Barnett's guilty plea hearing does not show he was informed of the sentencing range for a Class C felony. At the post-conviction hearings, the court took judicial notice that neither defense counsel nor the State recalled any specifics of the case. For his part, Barnett testified he was inexperienced with criminal proceedings and pleaded guilty based on the State's sentencing recommendation of ten years because he was told he could otherwise receive up to twenty years. He claimed no one explained what was going on at the sentencing hearing when the State reduced its recommendation and that he was never informed that the minimum sentence for a Class C felony was two years. Had he known, he claimed, he would have taken his chances and gone to trial on the burglary charge. Among his exhibits, Barnett submitted commitment orders showing he was sentenced to concurrent ten-year terms.

The post-conviction court's order denying relief stated:

     1.    Petitioner has asserted that he was misled into pleading guilty to a Class B Felony offense for which he was not charged. The Official Court Records do not support this assertion, although the Commitment

5

Order and the Amended Commitment Order certainly make it appear that he did so.

    2.    With respect to Petitioner's claim that his Guilty Plea was not inte[lligent]ly, knowingly, and voluntarily [m]ade, the transcript of Petitioner's plea change hearing establishes that he was advised of his Boykin rights and voluntarily waived them. Petitioner has not pled specific facts from which a trier of fact could reasonably find by a preponderance of the evidence that his guilty plea was not inte[lligent], knowing, or voluntary.

    3.    The only evidence that Petitioner has offered to demonstrate that his plea was not inte[lligent]ly, knowingly, and voluntarily made is his own recollection of events. No additional corroboration has been presented. In the absence of additional corroboration, Petitioner's self-serving statement is insufficient to allow a trier of fact to reasonably find for him by a preponderance of the evidence.

Appellant's App. p. 98. As noted above, we will not reverse the denial unless Barnett shows the evidence as a whole leads unerringly and unmistakably to the opposite conclusion.

We acknowledge that the guilty plea hearing transcript does not show Barnett was advised of the sentencing range for a Class C felony and that Barnett testified he was never informed of the two-year minimum sentence. We further acknowledge Barnett's testimony that he was told he faced up to twenty years. We note, however, that Barnett's recollection during the post-conviction proceedings of this last point is unclear at best. At the first evidentiary hearing, before he had reviewed the guilty plea and sentencing transcripts, Barnett told the post-conviction court that the trial judge told him at his guilty plea hearing that he was pleading guilty to a Class B felony and that the maximum sentence he faced was twenty years. Tr. p. 18. Later at that same evidentiary hearing, Barnett claimed it was both the trial court and the State who told him he faced up to twenty years for a Class B felony. Id. at 32. Before the final evidentiary hearing, Barnett

6

reviewed the guilty plea and sentencing transcripts, neither of which showed he was told that he was pleading guilty to a Class B felony or that he faced up to twenty years. He thus testified at the final hearing that it must have been defense counsel or "somebody" that told him he faced up to twenty years: "I was just told that I could get up to ten (10) years or twenty (20) years if I didn't plead guilty, and apparently at first I thought that it may have been the Judge that told me that, but after reading and studying the transcripts then it had to be my – my attorney. Somebody had me under the – had me under the – had me under the impression that I could get up to twenty (20) years if I didn't plead guilty and take the ten (10) years." Id. at 107-08.

For purposes of this appeal, we accept at face value Barnett's assertion that he was not aware that the minimum sentence for a Class C felony as charged was two years. In any event, Barnett fails with respect to the second part of the two-pronged test. Despite his assertion to the contrary, he did not establish that accurate information would have made a difference in his decision to plead guilty to Class C felony burglary in cause number 13794. See Jackson v. State, 676 N.E.2d 745, 752 (Ind. Ct. App. 1997), trans. denied. Barnett points to his own testimony that, had he known the minimum sentence for a Class C felony was only two years, he would have taken his chances and gone to trial.

The evidence in the record, however, does not support this assertion. See White v. State, 497 N.E.2d 893, 905 (Ind. 1986) ("To decide a claim that a plea was not made voluntarily and intelligently, we will review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction trial, the

7

transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record."). The record shows that Barnett committed three separate Class C felony offenses within a three-month period. Because he committed several offenses within a limited time span, it is unlikely that he would have received the minimum two-year sentence for the underlying burglary charge had he been convicted at trial. Indeed, with the possibility of consecutive maximum sentences, his sentencing exposure for all three offenses was twenty-four years.[2] Instead, by pleading guilty, Barnett received a recommendation from the State that he serve an executed sentence of only four years. In addition, he was able to dispose of all three charges.

Moreover, both the trial court and defense counsel questioned Barnett at the guilty plea hearing to ensure he understood the State was recommending concurrent ten-year sentences, with four years executed and six years suspended, if he pleaded guilty in all three causes. As Barnett was willing to accept a four-year executed sentence at the outset (even if the aggregate sentence was erroneous), it is difficult to believe he would have rejected that same four-year executed sentence and gone to trial on the burglary charge if he had known the minimum sentence for a Class C felony was two years. Because the State's plea recommendation involved all three charges, going to trial on the burglary charge would have risked a deal on the two other charges.

Given these circumstances, Barnett has failed to show that he would not have pleaded guilty had he known the minimum sentence for a Class C felony was two years.

---

[2] Barnett claims the trial court was required to impose concurrent sentences because he was not subject to mandatory consecutive sentences. Even if consecutive sentences were not mandatory, the trial court would have still had the discretion to impose his sentences consecutively.

See Jackson, 676 N.E.2d at 752 (petitioner not entitled to post-conviction relief on claim that two years of probation was contrary to plea agreement where he was allowed to plead to a lesser offense and his entire sentence was suspended in exchange for two years of probation). Barnett has not shown that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. We therefore affirm the court's denial of relief.

Affirmed.

BAILEY, J., and MAY, J., concur.